## THE PEOPLE *v*. OLIVER.

### APPEAL from the District Court of Ponce.

No. 25.—Decided June 22, 1904.

GRAND LARCENY—EMBEZZLEMENT—PENALTY.—Although the penalty prescribed for the crime of embezzlement is the same as that provided by the Code for the crime of larceny, both offenses are, nevertheless, distinct under the statute, and are defined in different sections of the Code.

ID.—CONVICTION OF A CRIME DIFFERENT FROM THAT INCLUDED IN THE INFORMATION.—The offenses of embezzlement and larceny being distinct, a defendant cannot be found guilty of embezzlement on an information charging him with the crime of larceny. In this case A. sold to B. a certain number of cattle, the price of which was to be paid in cash at the time of delivery. B. having come into possession of the cattle, and the bill of sale, paid part of the price, and afterwards having disposed of the cattle, disappeared without paying the balance. *Held*, that these facts do not constitute the offense of larceny but that of embezzlement.

The facts are stated in the opinion.

*Mr. del Toro, Fiscal,* for respondent.

The appellant did not appear.

MR. JUSTICE MACLEARY delivered the opinion of the court.

This is a case of embezzlement (*abuso de confianza*) in which the defendant was sentenced to two years in the penitentiary at hard labor and the payment of the costs of the prosecution. The defendant was accused by Juan Nepomuceno Martínez, a resident of the *barrio* of Canas, who alleged that having sold five head of cattle to Francisco Oliver, the defendant, a native of Peñuelas, for the cash price of $97, the said Oliver, the bill of sale being once executed in usual form and the cattle delivered, failed to deliver the consideration expressed in the contract to Don Francisco Bass, an inhabitant of Quebrada, whom the seller had commissioned to receive it, paying only $20 to Bass, and disappearing with the cattle and the bill of sale. That all the efforts of the subscriber to collect the said amount have been useless. The accused gave bond in the sum of $500; the district attorney

presented an information against the defendant, Francisco
Oliver, as follows:

"In the District Court of Ponce, on the 5th of June, the *fiscal* for-
mulates an accusation against Francisco Oliver for the grave offense
of grand larceny comprised in articles 426 and 428 of the Penal Code,
committed as follows: In the *barrio* of Canas, district of Ponce, on
the 28th of March, 1903, Francisco Oliver having agreed with Juan
Nepomuceno Martínez upon the purchase of five head of cattle, the
property of the latter, in the sum of $97, which transaction should
have been carried out in cash, and Francisco Oliver once being in
possession of the cattle, and of the bill of sale, only delivered $20, and
with criminal intent disappeared without having made a delivery of
the $77 remaining, in spite of the efforts made by the vendor, con-
trary to the statute, etc."

On the 25th of June, 1903, the defendant appeared and
demanded a jury. On the 4th of December, 1903, the court
being in public session and being composed of Hon. E. B.
Wilcox, as judge, and of the secretary, with the assistance of
the *fiscal;* and the lawyer, Felipe Casalduc, Esq., defending
the accused, Francisco Oliver, court was opened and the jury
was impaneled. The *fiscal* proposed to examine five wit-
nesses. Examined only two and excused the others. He also
offered documentary evidence and a receipt which was read
and is contained in the *autos*. The defense offered no evi-
dence, except that presented by the *fiscal*. The accused re-
fused to testify; both counsel made their arguments. The
judge delivered a charge to the jury and appointed a foreman
and adjourned the court, awaiting a verdict. Court being
reconvened, the jury presented their unanimous verdict, de-
claring the defendant guilty. The court set Monday the 7th
to deliver the sentence. The receipt which was introduced as
evidence, reads as follows:

"I have received of Don Francisco Olivero the sum of $97 current
money, for five head of cattle which I have delivered to the said gentle-

man (describing them) in witness whereof I sign these presents at Canas Barrio, Ponce, 27th of March, 1903."

On the 7th of December, 1903, the court was opened, and Judge Wilcox presided. At half past ten o'clock the accused appeared, presenting as a reason that sentence should not be pronounced that the evidence was insufficient. The judge rendered judgment condemning the accused to the punishment of two years in the penitentiary at hard labor and payment of the costs. The judgment of the court reads as follows:

"Judgment.—Trial by Jury. Cause No. 173.—In the city of Ponce, on the 7th of the month of December of the year 1903. A trial by jury having been had in this cause No. 394 of the *Fiscalía*, and 173 of the book of registry of the criminal cases, prosecuted by the *fiscal*, in representation and in the name of the People of Porto Rico, against the accused Francisco Oliver, for the crime of embezzlement *(abuso de confianza)*, represented by the lawyer Don Felipe Casalduc, said accused being a prisoner by virtue of this cause, the judge delivering this judgment being Hon. E. B. Wilcox. The information presented by the *fiscal* reads as follows: In the *barrio* of Canas, municipal district of Ponce, on the 28th of March, 1903, Francisco Oliver having agreed with Juan Nepomuceno Martínez on the purchase and sale of five head of cattle, the property of the latter, in the sum of $97, which transaction should be carried into effect on a cash basis; once Francisco Oliver was in possession of the cattle, delivering $20, with criminal intent disappeared without having delivered the balance of $77 up to this date, notwithstanding the efforts of the vendor to effect a settlement. The verdict of the jury which declares the accused Francisco Oliver guilty of the crime imputed to him by the *fiscal*. Concluding that the court has jurisdiction in this case only to render judgment, applying the punishment prescribed by section 435 of the Penal Code which, in the discretion of the court, is two years in the penitentiary at hard labor and the payment of the costs. In view of articles 449, 448 and the said article 430 of the Penal Code, I adjudge that I should condemn, and I do condemn, the accused Francisco Oliver as the author of the crime of embezzlement *(abuso de confianza)* to the punishment of two years in the penitentiary at hard labor, which he shall serve in the *Departa-*

*mental* of this Island, and to the payment of the aforementioned costs. Thus by this sentence I pronounce, command and sign. E. B. Wilcox.''

Felipe Casalduc, representing the accused, Francisco Oliver, took an appeal and alleged that his client had been condemned to the punishment of two years in the penitentiary, and the said judgment is contrary to every right, and he could not in any manner consent to it, and begs the court to order the secretary to comply with article 356 and the corresponding articles of the above mentioned code. The appeal was admitted by the District Court, and the case certified to this court for review. The *fiscal* makes a report, setting out the proceedings had in the court·below, and notes that there was no bill of exceptions. He mentions as legal propositions articles 448, 449, and 450 of the Penal Code, and article 345 and following of the Code of Criminal Procedure. He gives as his opinion that there being no bill of exceptions, and no exceptions having been taken on the trial, and no allegations whatever made in the Supreme Court, that there is no question properly presented for decision. This being the case, and having examined the orders and found·that there has been no error committed in the judgment of the court below, the *fiscal* presents his opposition to the appeal, and suggests that a resolution should be adopted declaring the appeal without effect and affirming the judgment of the court below.

I have examined the section 286 of the Code of Criminal Procedure of Porto Rico, which corresponds with section 1159 of the California Penal Code; also section 426 and the following to 445 of the Penal Code of Porto Rico, defining grand larceny and embezzlement; also the sixth volume of the American Encyclopedia of Law, pages 451 to 507. At common law there was no such crime as embezzlement (*abuso de confianza*). This is statutory in most, if not all, of the States. In Texas it is classed as a variety of offense called ''theft,'' which is, at common law,·grand larceny; likewise in Montana; but not so in California. In California, as in Porto Rico, the·

offense of grand larceny and embezzlement are quite distinct under the statute, being defined by different sections of the statute; although the punishment in all of the States mentioned is the same for embezzlement as it is for larceny. The question then arises, Can a defendant be indicted or informed against for larceny and convicted in the same case of embezzlement? Perhaps he could in Texas, or Montana, where embezzlement is made by the statute a species of theft or larceny; but in California or Porto Rico this cannot be done. They are entirely distinct offenses, and a person cannot be indicted for one offense and convicted of another. The evidence in this case, if it shows the defendant to be guilty at all, shows him to be guilty of embezzlement, since he came lawfully into the possession of the cattle and appropriated them to his own use without complying with the condition of the sale, to wit, the payment of the money in cash on the delivery of the cattle. He was not guilty of theft and was not indicted for embezzlement, consequently this conviction must be reversed and the cause remanded to the District Court of Ponce for a new trial or such other proceedings as the court may see proper to take. Really, the defendant should be acquitted under the indictment presented, and a new indictment presented against him for embezzlement. A judgment must be rendered by this court in accordance with these views.

*Reversed.*

Chief Justice Quiñones and Justices Hernández and Figueras concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.